**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| PEDRO ANTONIO ARDILA CORTES,<br>Petitioner,<br>v.<br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02941-SHL-cgc |

## ORDER GRANTING PETITION

On July 27, 2026, pro se Petitioner Pedro Antonio Ardila Cortes filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 2.) Petitioner Ardila Cortes challenges his detention without a bond hearing. (Id. at PageID 3.) He seeks an individualized bond hearing or immediate release from Respondent's custody. (Id.) Respondent responded on August 28.[1] (ECF No. 10.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 40.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED**

[1] After Respondent failed to timely respond to this Court's July 30 Order Staying Transfer and Requiring Response, (ECF No. 6), Petitioner filed an Emergency Motion to Enforce the Court's July 30, 2026 Order. (ECF No. 3.) Petitioner's Emergency Motion was granted in part, ordering Respondent to release Petitioner or file a motion seeking leave to file an untimely response. (ECF No. 8.) In his Response to Order to Show Cause, Respondent seeks leave to file an untimely response, asserting that he was not served with any case filings until the August 26 Order Granting in Part and Denying in Part Petitioner's Emergency Motion to Enforce Court's July 30 Order. (ECF No. 10 at PageID 40–42.) For good cause shown, Respondent's Motion Seeking Leave to File an Untimely Reply is **GRANTED**.

to immediately release Petitioner from custody.

**BACKGROUND**

Petitioner Ardila Cortes is a sixty-five-year-old citizen of Colombia, who has resided in the United States continuously since May 2024. (ECF No. 2 at PageID 4–5.) His two adult daughters reside lawfully in Memphis, Tennessee, and he will reside with them once he is released. (Id. at PageID 6.) Petitioner has "no criminal history of any kind." (Id.)

As noted, in the Order Staying Transfer and Ordering Release or Response, this is Petitioner's second habeas petition. (ECF No. 6 at PageID 29.) After his April 27 petition was granted on May 21, Respondent was enjoined from pursuing Petitioner Ardila Cortes' detention under 8 U.S.C. under 8 U.S.C. § 1225(b)(2)(A). (See Ardila Cortes v. Warden, No. 26-cv 02476 (W.D. Tenn. filed Apr. 27, 2026), ECF Nos. 1, 17.) However, he was re-arrested on June 30 during a scheduled supervision check-in at the ICE office. (ECF No. 2 at PageID 5.) Respondent alleges that Petitioner was re-arrested for committing two ATD violations by "checking in outside of zone."[2] (ECF No. 10 at PageID 42.) The previous May 21 Order enjoined Respondent from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). (ECF No. 6 at PageID 29.) Now, Respondent purports to detain Petitioner Ardila Cortes under 8 U.S.C. § 1226 "because of the injunction" under the May 21 Order. (ECF No. 10 at PageID 42.)

**ANALYSIS**

Respondent concedes that Lopez-Campos governs this matter. (ECF No. 6 at PageID 15.) That decision held that long-term residents detained under U.S.C. § 1226 have a liberty interest and are entitled to a bond hearing. Lopez-Campos, 175 F.4th at 734. Respondent

[2] Respondent fails to explain Petitioner's alleged "ATD" violations and how they should impact the Court's ultimate analysis, if at all.

maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (ECF No. 10 at PageID 43.) Specifically, according to Respondent, Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court.

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 225 (BIA 2025) (holding that an immigration judge "lack[s] authority to hear bond requests or to grant bond to aliens who are present in the United States without admission").

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009, at *7) (reasoning that "because Petitioner's rights to a bond hearing under §1226(a)" were denied, a bond hearing after the fact "'would not and cannot cure that constitutional violation,'" and while Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'") (quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17,

2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody. Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 6th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE